

FILED

February 6, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:06 PM

## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

EMPLOYEE: ANGELA RUSSELL      DOCKET #: 2014-02-0003

STATE FILE #: 61672-2014

EMPLOYER: NEWPORT HEATH & REHAB    DATE OF INJURY: 07/29/2014

INSURANCE CARRIER: ACE AMERICAN

TPA: GALLAGHER-BASSETT

## EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Angela Russell, Employee. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court finds as follows:

On December 1, 2014, Ms. Russell filed a Request for Expedited Hearing with the Tennessee Court of Workers' Compensation Claims, Division of Workers' Compensation, pursuant to Tennessee Code Annotated section 50-6-239 to determine if Employer, Newport Health and Rehab (Newport) is obligated to provide medical benefits. The undersigned Workers' Compensation Judge conducted a telephonic Expedited Hearing on January 28, 2015. Attorney Richard Talley represented Ms. Russell. Attorney Duane Willis represented Employer and Carrier. After considering the parties' arguments, the applicable law, the technical record, and all testimony and evidence introduced at the Expedited Hearing, the Court concludes that Employee is not entitled to the medical benefits and temporary total disability benefits requested at this time.

## ANALYSIS

### Issue

Whether Ms. Russell sustained a compensable injury on July 29, 2014, and, if so, whether she is entitled to medical benefits and temporary total disability benefits.

### Evidence Submitted

Employee did not file affidavits in support of the Request for Expedited Hearing. Rule 0800-02-21-.14 (1)(a) of the Tennessee Department of Labor and Workforce Development, as well as the Court's Practice and Procedures Rule 5.01, require an employee to submit affidavits and information

1

supporting the claim with the Motion for Expedited Hearing.

At the hearing, the Court received and considered the following evidence submitted by Employee:

Medical Records:
- Exhibit 1 Takoma Hospital (37 pages)
- Exhibit 2 Cherokee Health Systems (9 pages)
- Exhibit 3 Morristown Hamblen Hospital (108 pages)
- Exhibit 4 Linda Sue Greene LCWS (9 pages)
- Exhibit 5 Dr. Thomas Conway (13 pages)
- Exhibit 6 Women's Care Group (8 pages)
- Exhibit 7 Dr. Frederick Klein (4 pages)
- Exhibit 8 Dr. Peter Reardon (2 pages)
- Exhibit 9 CVA Heart Institute (2 pages)

The Court has received and considered the following evidenced submitted by Employer:

Medical Records:
- Exhibit 9 Cherokee Health Systems (7 pages)
- Exhibit 10 FMLA Paperwork (21 pages)
- Exhibit 11 Two Prior First Report of Injuries (2 pages)
- Exhibit 12 Recorded Statement of Mrs. Russell (12 pages)

**Technical Record**

The Court designated the following as the technical record:

- Petition for Benefit Determination
- Dispute Certification Notice
- Request for Expedited Hearing

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings as allegations unless established by the evidence.

**History of Claim**

Ms. Russell worked as a registered nurse for Newport. Her job involved helping other employees lift patients. On July 29, 2014, Ms. Russell lifted some patients and felt that she injured her back.

Prior to the lifting incident, Ms. Russell had been experiencing stress both at home and at work. Her work stress centered on her hours and her supervisor. When she discovered Newport intended to change her work hours, she become upset and started to cry. On the morning of July 30,

2

2014, she told her supervisor at Newport that she could not stop crying. Ms. Russell's supervisor told her to go the emergency room.

Ms. Russell went to the emergency room at Takoma Regional Hospital (Takoma). She gave a history of crying all day, wanting to be away from others, and experiencing depression. The notes reflect that Ms. Russell complained of chest pain and had been crying for two (2) or three (3) days (Exhibit 1, page 2). Ms. Russell mentioned she could not spend time with her ill husband and that her father was also ill (Ex. 1, page 2). The providers diagnosed Ms. Russell with anxiety, depression, and chest pain (Ex. 1, pages 5-6). A mobile crisis unit examined Ms. Russell while she was at the hospital. She told the examiner that her manager emotionally abused her, but also that she had stressors outside of work (Exhibit 2, page 1). After a recommendation by the mobile crisis unit, Ms. Russell agreed to be placed in a crisis stabilization unit with Cherokee Health Systems (Cherokee) (Exhibit 1, page 5).

Before leaving Takoma to go to Cherokee, Ms. Russell told the RN on duty that she wanted to file her visit under workers' compensation. The nurse asked Ms. Russell if she reported a work injury to her employer. Ms. Russell responded that she had checked in with chest pain. The RN told Ms. Russell that in order to file for workers' compensation benefits a person must be physically injured at work. Ms. Russell replied that she hurt her back at work three days prior. The nurse contacted Mr. Michael Lunsford with Newport. He told the nurse that he was unaware of any injury and the visit was not covered by workers' compensation. The nurse noted that Ms. Russell did not report pain while in triage (Ex. 1, page 15).

Ms. Russell complained to the providers at Cherokee that she was upset with her supervisor (Exhibit 9, page 2). On August 2, 2014, Ms. Russell complained of chest pain (Ex. 9, page 3). She treated at Morristown-Hamblen hospital with Dr. Thomas Conway. Her EKG was normal (Exhibit 3, page 7). On August 8, 2014 Ms. Russell went to Dr. Conway's office. She saw Dr. Conway's nurse. The nurse related Ms. Russell's chest pain to congestive heart failure and placed Ms. Russell off work from August 2, 2014, to September 8, 2014. The nurse diagnosed Ms. Russell with anxiety, depression and congestive heart failure (Exhibit 5, page 1).

Ms. Russell treated with Dr. Allison Eaton of Women's Care Group UT on August 8, 2014. She complained of severe cramping, constipation, and urinary problems. Dr. Eaton noted Ms. Russell "...has been dealing with significant anxiety/depression..." (Exhibit 6, page 1). Dr. Eaton diagnosed Ms. Russell with a "cystocele without mention uterine prolapse midline."(Ex. 6, page 4) Dr. Eaton recommended an urological evaluation. Dr. Eaton opined that the pain could be related to Ms. Russell's depression because it was not gynecological in nature (Ex. 6, page 4).

Ms. Russell filed a Petition for Benefit Determination (PBD) with this Court on August 12, 2014. She noted on the PBD that she hurt her back on July 30, 2014, and experienced chest pain and uncontrollable crying. Newport denied her claim.

On August 22, 2014, Ms. Russell saw Dr. Conway (Exhibit 5, page 2). She complained of back pain of a few weeks duration and told Dr. Conway that she strained her back on July 29, 2014 (Ex. 5, page 2). She reported that she originally went to the emergency room at Takoma for back

3

pain and uncontrollable crying (Ex. 5, page 3). Dr. Conway ordered lumbar x-rays and they revealed degenerative changes at the L5-S1 level (Ex. 5, page 4).

On September 16, 2014, Dr. Conway wrote a letter to Workers' Compensation Specialist Jamie Weatherly stating that he continued to excuse Ms. Russell from work due to depression and anxiety. He referenced her back pain and recommended physical therapy if it would be covered by workers' compensation. He anticipated Ms. Russell would return to work at the end of October (Ex. 5, pages 5-6).

On October 14, 2014, Dr. Conway wrote a letter to the Newport's workers' compensation insurance adjuster. He told her that Ms. Russell reported to him that she hurt her low back lifting patients on July 29, 2014, and developed chest pressure at work the following day. He noted the x-rays showed degenerative changes and that he continued to request physical therapy for her back pain. He reported that Ms. Russell should remain off work (Ex. 5, pages 7-9).

Ms. Russell treated with Dr. Frederick Klein and Dr. Peter Reardon for the cystocele. She actually had surgery scheduled at one time with a Dr. Copas at UT Medical Center. However, Dr. Reardon did not think Ms. Russell's cystocele warranted surgical treatment or that she needed to be off work due to the problem (Exhibit 8, Page 1).

### Ms. Russell's Contentions

Ms. Russell contends that she hurt her low back, chest wall, and suffers with a cystocele as a result of a lifting injury on July 29, 2014, along with depression due to an abusive supervisor. She acknowledged that none of the medical records reference a back problem until August 22, 2014. However, she testified that she reported the problem to all her providers. She asserts the RN called Newport about her back injury before she left Takoma on July 31, 2014. She asserts the providers focused on her depression and chest pain rather than her back pain. Ms. Russell argued that she is entitled to medical benefits and temporary benefits because she has met her burden of proof and established that she suffered these injuries at work.

### Newport's Contentions

Newport contended Ms. Russell failed to present sufficient evidence to establish she suffered a physical or mental injury. Specifically, Ms. Russell did not mention to any medical provider that she suffered a back injury until August 22, 2014. Newport conceded that a nurse called its offices on July 31, 2014, to inquire about workers' compensation, but that the nurse noted Mrs. Russell did not complain of back pain while in triage. Newport asserts Ms. Russell did not suffer depression as a result of a work event resulting in a sudden or unusual stimulus. Rather, Newport contends Ms. Russell had anxiety due to a potential change in her work schedule and stressors at home. Newport does not contest notice in this case, but rather that it did not know of a work injury until Ms. Russell filed her PBD.

4

## Findings of Fact and Conclusions of Law

### *Standard Applied*

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003). In a workers' compensation action, pursuant to Tennessee Code Annotated section 50-6-239(c)(6), Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Employee must show the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13).

### *Factual Findings*

After considering the parties' arguments, the documentary evidence presented as exhibits at the hearing, the arguments of the parties, and the entire record in this claim, the Court makes the following findings:

1. Ms. Russell suffered chest pains due to congestive heart failure and uncontrollable crying due to anxiety and depression;
2. Ms. Russell has degenerative back problems; and
3. Ms. Russell failed to establish by expert medical opinion that her chest wall pain, back pain, cystocele, and depression arose primarily out of and in the course and scope of her employment.

### *Application of Law to Facts*

The issue in this case is whether Ms. Russell has presented sufficient evidence at the Expedited Hearing to prove she suffered a compensable injury. Tennessee Code Annotated Section 50-6-102(13) defines injury as follows:

> "Injury" or "personal injury" mean an injury by accident, a mental injury, occupational disease including diseases of the heart, lung and hypertension, or cumulative trauma conditions including hearing loss, carpal tunnel syndrome or any other repetitive motion conditions, arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee; provided, that:
>
> > (A)    An injury is "accidental only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence, and shall not include the aggravation of a preexisting disease, condition or ailment unless it can be shown to a reasonable degree of medical certainty

5

that the aggravation arose primarily out of and in the course and scope of employment;

(B)     An Injury "arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes;

(C)     An injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing death, disablement or need for medical treatment, considering all causes.

Tennessee Code Annotated section 50-6-102(16)(2013) defines a mental injury as follows:

"Mental Injury" means a loss of mental faculties or a mental or behavioral disorder, arising primarily out of a compensable physical injury or an identifiable work related event resulting in a sudden or unusual stimulus, and shall not include a psychological or psychiatric response due to the loss of employment or employment opportunities.

Ms. Russell did not prove that her physical injuries arose primarily out of and in the course and scope of her employment. Ms. Russell believes that she hurt her chest wall, back, and suffered a cystocele with pelvic pain while lifting a patient.  However, the medical evidence established her chest wall hurt due to congestive heart failure and uncontrollable crying. The medical records prove she suffers from degenerative back problems. Dr. Eaton did not relate the cystocele or pelvic pain to a lifting injury.  Instead, she opined that Ms. Russell's pelvic pain could be related to her psychological issues.  No doctor has opined that Ms. Russell's physical injuries arose primarily out of and in the course and scope of her employment.

Ms. Russell failed to prove she suffered a compensable mental injury.  The workers' compensation statute identifies two categories of compensable mental injuries: mental injuries that result from an underlying physical injury at work; mental injuries that arise from an identifiable work-related event resulting in a sudden or unusual stimulus. Since Ms. Russell failed to prove she suffered a compensable work injury, she failed to establish that she suffered a mental injury because of an underlying physical work injury. While Ms. Russell may have experienced stress because of a change in her work schedule and disagreements with a supervisor, she failed to establish a work-related event which resulted in a sudden or unusual stimulus. Her work stressors are the normal variety an employee encounters in the work place.  According to Tennessee case law, mental problems encountered as a result of general job stress are not compensable. *See Cunningham v. Shelton Sec. Serv.,* 46 S.W.3d 131,137 (Tenn. 2001).

6

Based upon all the evidence submitted at this time, Ms. Russell failed to prove she suffered a compensable physical or mental injury. Therefore her request for medical and temporary total disability benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Russell's claim against Newport or its workers' compensation carrier for the requested medical and temporary total disability benefits is denied on the grounds of compensability. This is not a final order.

2. This matter is set for an Initial Hearing on March 30, 2015, at 2:00 p.m. eastern time.

**ENTERED this the 6th day of February 2015.**

**BRIAN K. ADDINGTON**
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Brian K. Addington, Court of Workers Compensation. You must call 865-594-6538 or toll free at 855-543-5044 to participate in the Initial Hearing.

Please Note: You must call in on March 30, 2015, at 2:00 p.m. eastern time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript

7

prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 6th day of February, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| P.R. Talley, Esq. | | | | | X | yhtalley@yahoo.com |
| D. Willis, Esq. | | | | | X | dwillis@morganakins.com |

PENNY SHRUM
CLERK OF THE COURT

8